UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5095 PA (PJWx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Preliminary Injunction filed by Plaintiffs Eros Tours & Travel, Inc. ("Eros Tours"), Eros Group USA, Inc. ("Eros Group"), and AirTkt.com, Inc. ("AirTkt") (collectively "Plaintiffs"). (Docket No. 57.) Defendants Infinitywaves, LLC ("Infinitywaves") and Ashish Rathour ("Rathour") (collectively "Infinity Defendants") have filed an Opposition (Docket No. 60), to which Plaintiffs have submitted a Reply (Docket No. 64). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for February 9, 2015 is vacated, and the matter taken off calendar.

**I.     Background**[1/]

Plaintiff Eros Tours is a California travel agency that provides online travel services. These services are offered through a number of websites owned by the Eros Group, including AirTkt.com. Plaintiffs are all owned by Sanjiv Khurana ("Khurana").

Defendant Infinitywaves is a competing online travel agency owned by defendants Rathour and Rajiv Bharadwaj ("Bharadwaj"). Rathour is president of Infinitywaves, and Bharadwaj is the service manager. Defendants Rohit Dubal ("Dubal"), Manay Suri ("Suri"), Hanumant Rawat ("Rawat"), and Manu Panday ("Panday") are former employees of CheapFareGuru Pvt. Ltd. ("Guru"), an affiliate of Plaintiffs that is also owned by Khurana. For the last decade, Guru has provided coding support for Plaintiffs' online booking services. According to Plaintiffs' First Amended Complaint ("FAC"), Dubal,

---

[1/]     Plaintiffs and Infinity Defendants have submitted extensive declarations in support of and in opposition to the Motion. Both have also filed extensive objections to specific evidence included in these declarations. Because the Court does not rely on any of the contested evidence in reaching its decision, the Court will not rule on these objections. In any event, the Court notes that "[t]he urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." Flynt Dist. Co., Inc. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5095 PA (PJWx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

Suri, Panday, Rawat, and Rajan Jaisingh ("Jaisingh") now work for Global Traveltech Pvt. Ltd. ("Global"), an affiliate of Infinitywaves.

Plaintiffs have invested substantially in developing source code for their Booking Engine and Z-Manager systems. Plaintiffs' websites function by running "front-end" source code, which supports the graphical user interface presented to customers, and "back-end" source code which, among other things, interacts with partner websites to retrieve flights, compiles data, and checks customer inputs for errors. Plaintiffs have obtained copyright registrations for the source code and have adopted policies to safeguard its confidentiality.

In 2013, Plaintiffs noticed a significant decline in business through their AirTkt website. Plaintiffs blame this decline in part on the launch of a website, owned by Infinity Defendants and Bharadwaj, at www.JustAirTicket.com (the "JustAirTicket website"). Plaintiffs have conducted a painstaking comparison of the AirTkt and JustAirTicket websites and claim to have identified features that they believe indicate appropriation of their confidential source code, including but not limited to:

- The JustAirTicket website includes errors found in unreleased portions of Plaintiffs' source code;

- The JustAirTicket website uses source code to generate customer emails that are identical to those sent by Plaintiffs' websites and include information that does not apply to Infinity Defendants' services;

- Fares are displayed on the JustAirTicket website in a format similar to that of Plaintiffs' websites;

- The parties' websites include the same errors in their lists of destinations;

- The parties' websites include the same selective lists of destinations;

- The parties' websites advertise the same destination city pairings in flight meta search engines; and

- The parties' websites include identical abbreviations and errors on various other pages.

Plaintiffs have also submitted third-party evidence to demonstrate that Infinity Defendants have stolen and used their source code to build the JustAirTicket website, including but not limited to:

- Testimony suggesting that Dubal confessed to having stolen the source code and shared it with Infinity Defendants[2] and

---

[2] Infinity Defendants counter that Dubal not make these statements and, moreover, that Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5095 PA (PJWx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

• Testimony from a web hosting company's manager suggesting that Suri sought to have a website hosted on the same servers utilized by Plaintiffs in an effort to take advantage of functionalities tailored to Plaintiffs' source code.

In addition to utilizing Plaintiffs' source code in their own business, Plaintiffs allege that Infinity Defendants and their associates are attempting to sell the source code to third parties. Finally, beyond merely appropriating Plaintiffs' intellectual property, Plaintiffs allege that Infinity Defendants are actively sabotaging Plaintiffs' business by deploying pop-ups that block access to Plaintiffs' websites.

Plaintiffs initiated this action on July 1, 2014. Plaintiff's First Amended Complaint, filed on September 22, 2014 includes claims for (1) copyright infringement, (2) trademark infringement under 15 U.S.C. § 1114, (3) common law trademark infringement, (4) trespass on chattels, (5) conspiracy, (6) conversion, (7) misappropriation of trade secrets, and (8) unfair competition under Cal. Bus. & Prof. Code §§ 17200 et. seq. Plaintiffs filed the instant Motion on December 24, 2014. Very broadly, Plaintiffs seek to prohibit Infinity Defendants and their associates from using Plaintiffs' intellectual property, to require Infinity Defendants and their associates to remove infringing materials from their own websites, to require Infinity Defendants and their associates to relinquish all of Plaintiffs' intellectual property that they possess, and to require Infinity Defendants and their associates to produce the source code utilized in their own websites. In the alternative, Plaintiffs seek expedited discovery.

**II.      Legal Standard**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (internal citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 1867, 138 L. Ed. 2d 162 (1997).

A plaintiff's delay in seeking relief weighs against granting a preliminary injunction. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a

---

and their declarants falsely imprisoned and tortured Dubal in an effort to extract his confession.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5095 PA (PJWx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

preliminary injunction is a factor to be considered in weighing the propriety of relief"); Hi-Rise Technology, Inc. v. Amateurindex.com, 2007 WL 1847249, at * 4 (W.D. Wash. June 27, 2007) ("Such a long delay in seeking relief weights against granting a temporary restraining order or a preliminary injunction.").

**III.    Analysis**

      **A.    No Likelihood of Irreparable Harm**

Despite the fact that Plaintiffs must show a likelihood that they will suffer irreparable harm under both Winter and Cottrell, Plaintiffs fail to account for their delay in seeking a preliminary injunction. Plaintiffs discovered the JustAirTicket website in March 2014, and Dubal allegedly confessed to having stolen the source code in April 2014. They initiated this action on July 1, 2014, but waited nearly six months to file this Motion. Plaintiffs' swiftness in investigating and filing this action contrasts with their long delay in seeking a preliminary injunction. This delay alone warrants denial of Plaintiffs' Motion. See, e.g., Hansen Bev. Co. v. N2G Dist., Inc., No. 08-CV-1613 IEG (POR), 2008 WL 5427602, at *6 (S.D. Cal. Dec. 30, 2008) ("Delays in requesting an injunction, whether for months or years, tend to negate a claim of irreparable harm.")

Regardless of the delay, however, Plaintiffs have failed to demonstrate a likelihood of irreparable harm. Plaintiffs argue that they are likely to suffer irreparable harm in three forms: (1) damage to goodwill; (2) harm to business reputation and market share; and (3) lost economic value of previously-confidential intellectual property. Plaintiffs argue that the very existence of their business is threatened. Given that "flight meta search engines" are a substantial driver of Plaintiffs' business – such that Infinity Defendants' alleged theft of confidential destination city pairings for advertising purposes is a major component of Plaintiffs' case – Plaintiffs' customer base appears to be largely cost-focused with no significant loyalty to any particular booking agent. Thus, any potential losses in goodwill and market share are likely to be fleeting and recoverable in the form of money damages.

The potential lost value of Plaintiffs' previously-confidential intellectual property raises a closer question. Plaintiffs face the prospect of complex and costly litigation against any number of third-party buyers who may establish competing travel websites using Plaintiffs' source code. However, Plaintiffs have failed to identify a single website (other than those operated by Infinity Defendants and their associates) utilizing their source code. Because Plaintiffs have failed to establish a likelihood of irreparable harm, the Court need not reach the other elements required for a preliminary injunction. See Cottrell, 632 F.3d at 1135 ("Winter tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction."); Tech. & Intellectual Prop. Strategies Grp., PC v. Fthenakis, No. C 11–2373 MEJ, 2012 WL 159585, at *4 n.6 (N.D. Cal. Jan. 17, 2012) ("Because Plaintiff has not established one of the required elements for obtaining a preliminary injunction (irreparable harm), the Court does not address the remaining elements."); Wahoo Intern., Inc. v. Phix Doctor, Inc., No. 13cv1395–GPC (BLM), 2014 WL 2106482, at *4 (S.D. Cal. May 20, 2014) ("Because the Court finds Plaintiff has failed to establish irreparable harm, the Court need not address the remaining preliminary injunction prongs.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5095 PA (PJWx) | Date | February 9, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

### B.  Expedited Discovery

The Court will be issuing an order setting dates in this case.  The parties have met and conferred as required by Federal Rule of Civil Procedure 26(f) and are free to conduct discovery.  Plaintiffs have failed to show good cause good cause for expedited discovery at this time.

### Conclusion

For all of the foregoing reasons, the Court denies Plaintiffs' Motion.

IT IS SO ORDERED.