# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-5095 PA (PJWx) | Date | April 3, 2015 |
|---|---|---|---|
| Title | Eros Tours & Travel, Inc., et al. v. Infinitywaves, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court are two motions.  The first is a Motion for Leave to File a Second Amended Complaint filed by plaintiffs Eros Tours & Travel, Inc., Eros Group USA, Inc., and AirTkt.com, Inc. (collectively "Plaintiffs").  (Docket No. 75.)  The second is a Motion to Dismiss Plaintiffs' Action for Forum Non Conveniens filed by defendants Infinitywaves, LLC ("Infinitywaves") and Ashish Rathour ("Rathour").  (Docket No. 78.)  Infinitywaves and Rathour are the only defendants who have appeared in this action.  Plaintiffs have not yet served six other individual defendants, despite having filed their Complaint on July 1, 2014.  This is no doubt due, in part, to the fact that five of these defendants are apparently Indian citizens who reside in India.  The proposed Second Amended Complaint adds another defendant, Global Traveltech Private Limited, an Indian corporation with its principal place of business in India.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters appropriate for decision without oral argument.  The hearing calendared for April 6, 2015 is vacated, and the matters taken off calendar.

The Court has tentatively concluded to deny the Motion for Leave to File a Second Amended Complaint and grant the Motion to Dismiss for Forum Non Conveniens.  It appears that India offers an adequate alternative forum provided Infinitywaves and Rathour consent to the jurisdiction of Indian Courts.  Moreover, balancing the private and public interests, it appears that India is a more appropriate and convenient forum given that the majority of the defendants reside in India, all parties have a history of doing business in India, it is likely that the parties will need to bring at least some Indian witnesses to trial, much of the conduct at issue occurred in India, and trying the case in the Central District of California will likely result in significant cost and delay.  Alternatively, Plaintiffs may elect to pursue this action in this court against Infinitywaves and Rathour by dismissing without prejudice the claims against the foreign defendants who have yet to appear in this action.  If Plaintiffs decide to pursue their claims against Infinitywaves and Rathour, they shall file a Notice of Dismissal as to the foreign defendants no later than April 10, 2015.

IT IS SO ORDERED.